Carhart *vs.* West *et al.*

---

JAMES D. CARHART, plaintiff in error, *vs.* CHARLES P. WEST *et al.*, defendants in error.

(BY TWO JUDGES.)  1. The real plaintiff in the action may make the affidavit of payment of taxes, as required by the Act of 1870, even though the suit be brought in the name of another.  27th February, 1872.

2. The Court sat in May ; the Clerk did not certify when it adjourned. The bill of exceptions was certified by the Judge on the 30th of June, and it stated that it was tendered to the Judge on the 26th of June, "within thirty days from the adjournment of the Court." The Court overruled a motion to dismiss said cause, because it did not affirmatively show that it was *certified* within thirty days from the adjournment of the Court.  (R.   See end of Report.)

Relief Act of 1870.   Practice in Supreme Court.   Before Judge HARRELL.   Randolph Superior Court.   May Term, 1871.

Carhart *vs.* West *et al.*

This was a suit in the name of Carhart, as bearer, against West *et al.*, upon their note made in 1860. He filed no affidavit as to payment of taxes. But one Atkinson, whose name did not appear in the declaration, and who made, so far as the record shows, no explanation of his connection with the suit, filed an affidavit that he " is the real plaintiff in said cause," and that he had paid all taxes required by the Act of 1870. For want of such affidavit by Carhart the Court dismissed the cause. That is assigned as error.

The bill of exceptions recited that the cause was tried at May Term and the assignment of errors therein began: "And now, on this the 20th of June, within thirty days from the adjournment of said Court, the plaintiff excepts," etc. It was certified by the Judge on the 30th of June, without any explanation by the Judge why he had held it up. *When the Court did adjourn did not appear.* Counsel for defendant moved to dismiss the cause because it did not appear that the bill of exceptions was certified within thirty days from the adjournment of the Court. No point was raised as to a want of any explanation of the Judge's delay. The Court held that the certificate of the Judge covered the recital above quoted and refused to dismiss the cause upon the ground that it affirmatively appeared that the bill of exceptions was *tendered to the Judge* within thirty days from the adjournment of the Court.

HOOD & KIDDOO, by JOHN T. CLARK, for plaintiff in error.

B. S. WORRILL, for defendant.

MONTGOMERY, Judge.

This being a suit on a note made before June, 1865, an affidavit of payment of taxes was necessary. One was, in fact, filed, made by M. J. Atkins, who swore he was the real plaintiff. On motion of defendants, the Court dismissed the

suit, because the affidavit was not made by the plaintiff of record. Is it necessary that either real or nominal plaintiff should make the affidavit? Suppose the taxes paid by an agent, would not his affidavit of payment be sufficient? The second section of the Act of October 13th, 1870, does not require the plaintiff to *make* the affidavit. He must file "*an* affidavit" that the taxes have been paid. The Court has already decided that the real plaintiff may make the affidavit: *Demington vs. Douglass* decided August 22d, 1871. That case controls this.

Judgment reversed.